Longworth, J.
The only question before us necessary to a determination of the case is whether at the time the check was given by Seasongood to Cist, the latter acted as Hulbert’s agent to receive payment, or Seasóngood’s agent to make payment to Hulbert. This is a question of mixed law and fact.
The maxim that “ no man shall serve two masters ” does not prevent the same person from acting as agent, for certain purposes, of two or more parties to the same transaction when *448 their interests do not conflict, and where loyalty to the one is not a breach of duty to the other.
Thus the doings of Cist as Nolte’s agent to procure a purchaser were not inconsistent with his duties to Hulbert as his agent to receive, or to Seasongood as his agent to make payment.
The fact, if fact it be, that at the time Cist received the check he had full authority as Hulbert’s agent to receive payment, would not preclude Seasongood from choosing to deal with him in a different capacity. He might prefer to deal directly with the principal and to receive his receipt rather than that of his agent; and for this purpose to appoint Cist his agent to make payment. He had only Cist’s statement that he was Hulbert’s agent, and was in possession of the notes and mortgage to evidence the fact of such agency. Suppose he had doubted the truth of these statements, would it not have been competent for him to direct Cist to make payment to Hulbert and to bring him his (Hulbert’s) receipt of satisfaction ? Clearly so.
Seasongood testified: “ I gave Mr. Cist the money at the time he gave me the deed, May 9, 1874; the certificate I got after, and I then believed he had paid off the JJuTbert mortgage,” and further, in cross-examination he said : “ I took it for granted that he would take the money and pay off the mortgage. 1 trusted Mr. Cist to malm the mortgage pa/yment and get me a dear title.”
It is also worthy of note that this was not the only transaction between Seasongood and Cist. They were in the habit of' dealing together in matters of this kind. Seasongood in another place says, “ I always gave my check to him (Cist) in similar transactions, and trusted him to clear the title.”
Prom this it is manifest that at no time did Seasongood understand that when he gave his check to Cist he was paying Hulbert’s mortgage; on the contrary, he trusted and expected Cist to make the payment and to obtain for him Hulbert’s cancellation.
This conclusion is perhaps strengthened by the circumstance that but one check was given to cover all the several claims. That Cist was Seasongood’s agent to pay off the costs in the *449 Steineke suit, and the judgment in favor of Steineke is beyond doubt. If he was to act in any other capacity in respect to Iiulbert’s claim, would it not be natural to suppose that separate checks would have been given?
These considerations make it unnecessary to inquire whether Cist actually had authority from Hulbert to receive payment, or whether his possession of the notes and mortgage would have authorized Seasongood to deal with him as such agent.
We are asked to hold that the mere foot of possession of a note by an attorney will protect the maker who pays to the attorney against the claim of the payee, and Patten v. Fullerton, 27 Maine, 58, is cited in support of the rule claimed. We should not be prepared to subscribe to this doctrine, even in a case where the question necessarily arose; nor do we think that Patten v. Fullerton bears it out. In that case the additional and most important circumstance existed, that prior partial payments had been made by the debtor to the unauthorized agent, which had been accepted by the creditor. We should long hesitate to hold that a maker of a note may safely pay it to one who has stolen it from the payee, and who falsely pretends to hold it for collection, in the absence of any other evidence of authority than the bare possession. Yet this is the result of the doctrine as claimed.
True, in the case at bar, the notes had been indorsed in blank by Hulbert, and had Seasongood relied on this and’paid them, he would have been safe; yet it appears that this fact was never known to him or communicated to him by Cist.
Upon the whole case we are clearly of opinion that Seasongood did not deal with Cist in any manner as the agent of Hulbert, or at any time suppose that in delivering to him his check he was paying Hulbert’s claim.
We find no error in the judgment of the court below.

Judgment affirmed.